UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
IBRAHIM YETIM,

                Plaintiff,

      - against -

BERR LLC d/b/a/ MASAL PLUS CAFÉ &
RESTAURANT, *et al.*,

              Defendants.

--------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
25-CV-2076 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Ibrahim Yetim brought this action against Defendants Berr LLC d/b/a Masal Plus Café & Restaurant and Selahattin Karakus on April 14, 2025, alleging violations of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"). (Compl., Dkt. 1.) After Defendants failed to answer Plaintiff's Complaint, Plaintiff requested a certificate of default, (Dkt. 7). On July 7, 2025, the Clerk of Court entered default against both Defendants. (Clerk's Entry of Default, Dkt. 10.)

On December 22, 2025, Plaintiff moved for default judgment. (Pl.'s Mot. Default J., Dkt. 14.) The Court referred the motion to the Honorable Magistrate Judge Taryn A. Merkl. (12/22/2025 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge). On May 8, 2026, Judge Merkl issued a Report and Recommendation (the "R&R"), recommending that the motion be granted. (R&R, Dkt. 19.) No objections have been filed, and the time for doing so has passed.

"When no timely objection is filed" to a magistrate judge's R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin*

*v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution."). The Court has reviewed Judge Merkl's R&R and, finding that there is no clear error on the face of the record, adopts the R&R in full.[1]

## CONCLUSION

For the reasons set forth in the Report and Recommendation, Plaintiff's motion for default judgment is granted. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 15, 2026
        Brooklyn, New York

---

[1] Although not clearly erroneous, the Court clarifies one point in the R&R concerning calculation of the regular rate of pay under the FLSA. While it is true that a plaintiff's "regular hourly rate of pay . . . is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid," *Rosa v. La Oficina of Queens, Inc.*, No. 18-CV-6915 (FB) (PK), 2023 WL 2745214, at *8 (E.D.N.Y. Mar. 17, 2023) (quoting 29 C.F.R. § 778.109), *report and recommendation adopted*, No. 18-CV-6915 (FB) (PK), 2023 WL 2736237 (E.D.N.Y. Mar. 31, 2023), the FLSA applies a "rebuttable presumption that an employer's payment of a weekly salary represents compensation for the first 40 hours of an employee's workweek," *Castro v. Hyper Structure Corp.*, No. 21-CV-1391 (ENV) (JRC), 2022 WL 2467242, at *10 (E.D.N.Y. Mar. 7, 2022) (citation omitted). Courts generally apply this presumption where, as here, a plaintiff alleges that their weekly pay did not vary depending on the number of hours they worked. *See* (Compl., Dkt. 1, ¶ 43); *Pavon-Hernandez v. Stacca Rest. Corp.*, No. 16-CV-5045 (AKH), 2018 WL 11468468, at *3 (S.D.N.Y. Apr. 9, 2018) (presuming weekly salary, "which did not vary from week to week depending on the number of hours . . . worked," covered only the first 40 hours); *Arias v. A&J Deli Fish Corp.*, No. 19-CV-4042 (ALC) (BCM), 2023 WL 10554644, at *6–7 (S.D.N.Y. Dec. 14, 2023) (same), *report and recommendation adopted*, No. 19-CV-4042 (ALC) (BCM), 2024 WL 1833566 (S.D.N.Y. Apr. 26, 2024). Employing that presumption here would result in the same hourly rate under the FLSA as the one the R&R found under the NYLL and used as the basis for damages. (R&R, Dkt. 19, at 18–21.)